JS - 6     LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8762 GAF (PLAx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Jason Muirbrook v. Skechers USA Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**      **(In Chambers)**

<u>ORDER REMANDING CASE</u>
`
**I.**
**INTRODUCTION & BACKGROUND**

   Plaintiff Jason Muirbrook ("Plaintiff") filed this action against Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II ("Defendants") in Los Angeles County Superior Court. (Docket No. 1 [Not. of Removal], Ex. 1 [Compl.].)  Plaintiff alleges Defendants misappropriated Plaintiff's name, likeness, image, and persona, and have been unjustly enriched, by publishing photographs of Plaintiff to enhance the sale of Defendants' products.  (Compl.)

   Defendants removed the action to this Court on October 12, 2012, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Not. of Removal ¶ 5.)  Defendants argue that because they own the copyright to the photographs in question, and the use of the photographs is governed by section 301(a) of the Copyright Act, Plaintiff's state law claims are preempted by federal copyright law.  (<u>Id</u>.)  But that argument misses the mark.  The issue here is not ownership of the photographs – Plaintiff claims none  – or Defendants' alleged use of any copyrighted material owned by Plaintiff.  Rather, this lawsuit focuses on the misappropriation of Plaintiff's right of publicity and control over the use of his likeness.  That right is defined by state, not federal law, and such claims are not preempted by the Copyright Act.  Defendants have therefore failed to establish this Court's subject matter jurisdiction and, accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court.

JS - 6     LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8762 GAF (PLAx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Jason Muirbrook v. Skechers USA Inc et al | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

"There does exist, however, a corollary to the well-pleaded complaint rule, known as the 'complete preemption' doctrine. The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such cases, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir.2000) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

JS - 6    LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8762 GAF (PLAx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Jason Muirbrook v. Skechers USA Inc et al | | |

**B. APPLICATION**

Defendants removed this action to federal court on the basis that each of Plaintiff's causes of action for: (1) misappropriation of common law right of publicity; (2) violation of Civil Code § 3344; and (3) unjust enrichment are preempted by federal copyright law.  (Not. of Removal ¶ 5.)   Defendant is incorrect.

**1. COMMON LAW AND STATUTORY RIGHTS OF PUBLICITY**

"A state law cause of action is preempted by the Copyright Act if two elements are present."  Kodadek v. MTV Networks, 152 F.3d 1209, 1212 (9th Cir. 1998).  Preemption occurs if the work involved falls within the subject matter of the Copyright Act (17 U.S.C. §§ 102 and 103), and if "the rights that a plaintiff asserts under state law [are] 'rights that are equivalent' to those protected by the Copyright Act.  Id. (quoting 17 U.S.C. 301(a)).

*a. The Nature of the Subject Matter Subject to Preemption*

To determine whether the "work" falls within the subject matter of the Copyright Act, the Court looks to Section 102 of the Copyright Act, which provides:

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include . . . **pictorial, graphic, and sculptural works**.

17 U.S.C. § 102(a) (emphasis added).  Defendants assert that the "works" at issue are the photographs featuring Plaintiff, which fall within the scope of Section 102 as pictorial works.  (Not. of Removal ¶ 5.)  This misses the point of the lawsuit.  Plaintiff's complaint does not concern or dispute ownership over the photographs as copyrighted works.  Rather, Plaintiff contends that by publishing the photographs, which encapsulate Plaintiff's likeness, name, image, and persona, Defendants have violated Plaintiff's common law and statutory publicity rights.  (Compl. ¶¶ 17-33.)

The Ninth Circuit's decision in Downing v. Abercrombie & Fitch, 265 F.3d 994 (9th Cir. 2001) controls the outcome here.  In Downing, famous surfers sued Abercrombie & Fitch for publishing a photograph of them, with identification of their names, for its commercial benefit

JS - 6     LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8762 GAF (PLAx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Jason Muirbrook v. Skechers USA Inc et al | | |

without their authorization. As to the subject matter prong, the Court explained:

> The photograph itself, as a pictorial work of authorship, is subject matter protected by the Copyright Act. . . . However, it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for Appellants' claims, but rather, it is the use of the Appellants' likenesses and their names pictured in the published photograph.

Downing, 265 F.3d at 1003. The Court went on to reason, "[a] person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102. This is true notwithstanding the fact that Appellants' names and likenesses are embodied in a copyrightable photograph." Id. at 1004. Thus, the court concluded that the statutory and common law publicity claims were not preempted.

Thus, like Downing, the subject matter at issue is Plaintiff's name, likeness, image, and persona, which, as discussed above, are not "works of authorship" embraced by copyright law. The fact that Plaintiff's right of publicity has allegedly been misappropriated via publication of a copyrighted work does not transmute this action into an issue over the ownership or infringement of a copyrighted work.

### b. The Nature of the Rights Subject to Preemption

Though the Court finds that the subject matter prong of the preemption analysis is not met, the Court briefly notes that the equivalent rights prong is also not satisfied here.

In addressing this prong, the Downing Court held that "because the subject matter of the Appellants' statutory and common law right of publicity claims is their names and likenesses, which are not copyrightable, the claims are not equivalent to the exclusive rights contained in § 106 [of the Copyright Act]." Downing, 265 F.3d at 1005. Thus, because Plaintiff's name, likeness, image, and persona are not copyrightable, the publicity rights being sought in this action are not equivalent to the rights protected under Section 106. Accordingly, the equivalent rights prong is also not met.

### 2. UNJUST ENRICHMENT

The subject matter underlying Plaintiff's unjust enrichment claim is the same as his publicity rights claims—that "the illegal and unauthorized uses by Defendants of Plaintiff's name, likenesses, images and/or personas . . . constitute repeated and on-going unjust enrichment to Defendants." (Compl. ¶ 35.) For the reasons discussed above, the subject matter of Plaintiff's

JS - 6     **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8762 GAF (PLAx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | Jason Muirbrook v. Skechers USA Inc et al | | |

unjust enrichment claim does not fall within Section 102 of the Copyright Act and is thus also not subject to the "complete preemption" doctrine.

### III.
### CONCLUSION

      For the foregoing reasons, Defendants have not established that Plaintiff's claims are preempted by section 301(a) of the Copyright Act and thus have not adequately alleged federal subject matter jurisdiction in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.

      **IT IS SO ORDERED.**